APRIL S. GLATT (SBN 185708)
KENNETH M. WEINFIELD (SBN 116560)
**CHAUVEL & GLATT, LLP**
66 BOVET ROAD, SUITE 280
SAN MATEO, CA  94402
TELEPHONE:  650-573-9500
FACSIMILE:  650-573-9689
EMAIL:  april@chauvellaw.com
EMAIL:  ken@chauvellaw.com

Attorneys for Plaintiff International Freight Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL   FREIGHT   SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREEN WORLDWIDE SHIPPING, LLC, a Georgia limited liability company; MARY THOMPSON, an individual; FELICIA ADDISON, an individual; NATIVIDAD JUNI, an individual; and DANIEL C. MCCARTHY, an individual,<br><br>Defendants. | Case No. 3:21-cv-7069<br><br>**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES FOR:**<br><br>1)  **Trade Secret Misappropriation, 18 U.S.C. § 1836 *et. seq.***<br>2)  **Trade Secret Misappropriation, Cal. Civ. Code § 3426.1 *et. seq.***<br>3)  **Breach of Duty of Loyalty**<br>4)  **Breach of Contract**<br>5)  **Intentional Interference with Contractual Relations**<br>6)  **Unfair Competition**<br>7)  **Violation of Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 *et. seq.***<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff International Freight Services, Inc., by and through its counsel of record, alleges as follows:

**1**                                               **JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action pursuant to 18 U.S.C. § 1836 and 28 U.S.C. §1331, in that it involves questions arising under federal law concerning violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et. seq*., relating to services used in interstate commerce.  The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same common nucleus of material facts as plaintiff's federal claim.  The federal and state law claims are so intertwined that it is appropriate for the Court to exercise jurisdiction over the state law claims set forth herein.

**PARTIES**

2. Plaintiff International Freight Services, Inc. ("IFS"), is a California corporation with its principal place of business in Burlingame, California.

3. Defendant Green Worldwide Shipping, LLC ("Green Worldwide") is a Georgia limited liability company which has its principal place of business in Decatur, Georgia and a branch office in Burlingame, California.

4.  Defendant Mary Thompson, a former employee of IFS, is a California resident and, on information and belief, was recently hired by Green Worldwide.

5.  Defendant Felicia Addison, a former employee of IFS, is a California resident and, on information and belief, was recently hired by Green Worldwide.

6.  Defendant Natividad Juni, a former employee of IFS, is a California resident and, on information and belief, was recently hired by Green Worldwide.

7.  Defendant Daniel C. McCarthy, a former employee of IFS, is a California resident and, on information and belief, was recently hired by Green Worldwide.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

8. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein each of the defendants was the agent of, or conspired with, the others. In committing the acts alleged herein, defendants were acting within the scope of said agency or conspiracy. As such, all defendants are jointly and severally liable for each others' acts.

## VENUE AND INTRADISTRICT ASSIGNMENT

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) in that each of the defendants resides in or conducts business within this district. Plaintiff is further informed and believes, and on that basis alleges, that venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events which are the subject of this action occurred within this district.

10. Pursuant to Local Rule 3-2, a substantial part of the events which give rise to the instant claim occurred in the County of San Mateo.

## GENERAL ALLEGATIONS

11. IFS provides customs brokerage and freight forwarding services to companies throughout the state of California and elsewhere.

12. During July and August 2021, defendants Thompson, Addison, Juni and McCarthy resigned from their employment with IFS with little or no notice, and went to work for Green Worldwide, taking with them other IFS employees. Prior to that point, Green Worldwide had no office located in the San Francisco Bay Area, but now have one staffed largely by former IFS employees.

13. Almost immediately upon their hiring by Green Worldwide, Addison, Juni and McCarthy began soliciting IFS customers on behalf of their new employer, utilizing confidential information they misappropriated from IFS. In what appears to have been an orchestrated sequence of events, Juni waited almost until the end of August to join her co-conspirators at Green Worldwide, while sabotaging IFS' customer relationships from the inside to facilitate Green Worldwide's usurpation of that business.

On information and belief, Thompson was aware of and conspired in the other defendants' misconduct prior to her last day of work at IFS, while failing to disclose that misconduct to the company in dereliction of her duties as an employee.

14.    During her final month of employment at IFS, Addison failed to clear numerous shipments through customs after they had arrived at various ports, leaving customers upset and incurring at least $47,000 in unnecessary demurrage charges.   Addison also provided inaccurate information to IFS about the status of those shipments upon her departure from the company, preventing IFS from fixing the problems she had created.   Juni likewise resigned from IFS without supplying detailed information about the status of open shipments, making it difficult for IFS to ensure that the goods in question would be delivered to customers in a timely manner.

15.    By engaging in the above-described course of action, defendants sought to establish Green Worldwide's presence in the Bay Area branch with a ready-made customer base at IFS' expense. In effect if not intent, Green Worldwide tried to put IFS out of business, hiring away the entirety of the latter's export staff and two-thirds of its import group within the space of a month.   Each of the defendants knowingly played a part in this scheme, and are legally responsible for its consequences.

16.    Defendants' actions have caused IFS irreparable harm, and threaten to cause further irreparable harm unless enjoined by this Court.

## FIRST CAUSE OF ACTION

### (Misappropriation of Trade Secrets, 18 U.S.C. § 1836 *et. seq.*)

17.    Plaintiff repeats the allegations contained in paragraphs 1 through 16 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

18.    IFS' customer list is not generally known to the public, or to those who can derive economic value from its use.   IFS' customer information, including their identities, key decision-makers, contact details and particular needs, constitutes a trade secret under both state and federal law.   IFS has taken

reasonable steps to maintain the confidentiality of the above-described information; these measures include requiring its employees to enter into confidentiality agreements prohibiting the unauthorized use or disclosure of such trade secrets.  This information, generated over many years in business, provides IFS a considerable advantage in the international shipping marketplace.

19.    On information and belief, the individual defendants have utilized IFS trade secrets to solicit the business of IFS customers on Green Worldwide's behalf, in violation of the duty of confidentiality which they owe to IFS.  Green Worldwide has knowingly accepted the benefits of such solicitations.

20.    On information and belief, the individual defendants have disclosed IFS trade secrets to Green Worldwide in an effort to assist the latter in competing against IFS.  Green Worldwide is aware that such information comprises IFS confidential information, but has taken no meaningful steps to prevent the individual defendants from engaging in the above-described behavior.

21.    The acts of defendants set forth above constitute trade secret misappropriation in violation of 18 U.S.C. § 1836 *et. seq.*

22.    As a proximate result of defendants' actions, as alleged herein, IFS has suffered and will continue to suffer irreparable harm to its business.  IFS' remedies at law are inadequate, and equitable relief is necessary to adequately protect it.

23.    Additionally, as a further proximate result of defendants' acts of misappropriation, IFS has incurred and will continue to incur general and special damages in an amount to be proven at trial.

24.    Defendants' conduct is willful and malicious in that they are using IFS trade secret information with full knowledge that such actions are in violation of the law, and will irreparably harm IFS.  Accordingly, IFS is entitled to an award of exemplary damages and attorneys' fees against defendants.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

## SECOND CAUSE OF ACTION

### (Misappropriation of Trade Secrets, Cal. Civ. Code § 3426.1 *et. seq.*)

25.     Plaintiff repeats the allegations contained in paragraphs 1 through 24 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

26.     The IFS confidential information utilized by defendants is not generally known to the public, or to those who can derive economic value from its use.  IFS has taken reasonable steps to maintain the confidentiality of this information, which provide IFS a substantial economic advantage in the industry.

27.     On information and belief, the individual defendants have used, or are threatening to use, IFS trade secrets in their work at Green Worldwide, in violation of their obligations to IFS.  Green Worldwide is fully aware of such actions, and is reaping the benefits thereof.

28.      On information and belief, defendants have disclosed IFS trade secrets to Green Worldwide in an effort to assist the latter in competing against IFS.

29.     The above-described acts of defendants constitute trade secret misappropriation, in violation of Cal. Code of Civ. Proc. § 3426.1 *et. seq.*

30.     As a proximate result of defendants' actions, as alleged herein, IFS has suffered and will continue to suffer irreparable harm to its business.  IFS' remedies at law are inadequate, and equitable relief is necessary to adequately protect it.

31.     Additionally, as a further proximate result of defendants' acts of misappropriation, IFS has incurred and will continue to incur general and special damages in an amount to be proven at trial.

32.     Defendants' conduct is willful and malicious in that they are using IFS trade secret information with full knowledge that such actions are in violation of the law, and will irreparably harm IFS.  Accordingly, IFS is entitled to an award of exemplary damages and attorneys' fees against defendants.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

### THIRD CAUSE OF ACTION

### (Breach of Duty of Loyalty)

33.    Plaintiff repeats the allegations contained in paragraphs 1 through 32 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

34.    In their capacity as IFS employees, the individual defendants owed IFS a duty of loyalty to promote IFS' interests and not re-direct corporate opportunities to competitors.

35.    On information and belief, Juni breached her duty of loyalty to IFS by deliberately undermining IFS' customer relationships while still employed by IFS, so that her fellow conspirators who had already jointed Green Worldwide could take advantage of those strained relations.  Both Juni and Addison provided IFS incomplete or inaccurate information about shipments upon their respective departures from the company, further impairing IFS' ability to service customers in an appropriate manner.  Thompson breached her duty of loyalty by failing to disclose the existence of this scheme to IFS while still employed by the company.  On information and belief, all of the defendants conspired, participated or assisted in the aforementioned acts.

36.    As a proximate result of defendants' actions, as alleged herein, IFS has suffered and will continue to suffer irreparable harm to its business.  IFS' remedies at law are inadequate, and equitable relief is necessary to adequately protect it.

37.    Additionally, as a further proximate result of the aforesaid breaches of the duty of loyalty, IFS has incurred and will continue to incur general and special damages, in an amount to be proven at trial.

38.    Defendants' conduct as alleged herein was egregious and carried out with willful and conscious disregard of IFS' rights and, hence, was oppressive and malicious.  As a result, IFS is entitled to recover punitive damages from defendants.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

**1**
**2**
**3**
**4**
**5**
**6**
**7**
**8**
**9**
**10**
**11**
**12**
**13**
**14**
**15**
**16**
**17**
**18**
**19**
**20**
**21**
**22**
**23**
**24**
**25**
**26**
**27**
**28**
**29**
**30**
**31**

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

39.     Plaintiff repeats the allegations contained in paragraphs 1 through 38 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

40.     In connection with their employment relationship, the individual defendants agreed to discharge their responsibilities at IFS to the best of their ability.

41.     On information and belief, defendants Addison and Juni breached their contractual obligations to IFS by seeking to sabotage IFS' customer relationships while still employed by IFS. Those actions included, *inter alia*, failing to clear numerous shipments through customs and failing to inform IFS about the status of those and other shipments after abruptly resigning.  Such actions were, on information and belief, taken with the full knowledge and involvement of the other defendants.

42.     IFS has fully performed all of its contractual obligations to Addison and Juni, apart from any obligations that it was prevented from performing by defendants.

43.     As a proximate result of defendants' actions, as alleged herein, IFS has suffered and will continue to suffer irreparable harm to its business.  IFS' remedies at law are inadequate, and equitable relief is necessary to adequately protect it.

44.     Additionally, as a further proximate result of defendant's breach of contract, IFS has incurred and will continue to incur general and special damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Intentional Interference with Contractual Relations)

45.     Plaintiff repeats the allegations contained in paragraphs 1 through 44 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

46.   At all times pertinent hereto, Green Worldwide knew that IFS had entered into valid and binding contracts with Addison, Juni and Thompson which had the likelihood of economic benefit for IFS.

47.   On information and belief, Green Worldwide conspired with the other defendants to disrupt IFS' contractual relations.  Such acts included encouraging Addison, Juni and Thompson not to fulfill their obligations to IFS during their final weeks on IFS' payroll, thereby facilitating the other defendants' efforts to usurp IFS customers on behalf of Green Worldwide.

48.   As a consequence of defendants' aforementioned acts, IFS' contractual relationships with Addison, Juni and Thompson were disrupted.

49.   As a proximate result of defendants' acts of interference, IFS has suffered, and will continue to suffer, irreparable harm to its business.  IFS' remedies at law are inadequate, and equitable relief is necessary to adequately protect it.

50.   Additionally, as a further proximate result of such acts of interference, IFS has incurred and will continue to incur general and special damages in an amount to be proven at trial.

51.   Defendants' conduct as alleged herein was egregious and carried out with willful and conscious disregard of IFS' rights and, hence, was oppressive and malicious.  As a result, IFS is entitled to recover exemplary and punitive damages from defendants.

## SIXTH CAUSE OF ACTION

### (Unfair Competition)

52.   Plaintiff repeats the allegations contained in paragraphs 1 through 51 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

53.   At all times pertinent hereto, defendant Green Worldwide knew that IFS depended upon the employees in its import and export groups to service its customers.

54.     By hiring away all but one of those employees within the span of a month, Green Worldwide sought to destroy IFS' ability to service its customers, and then benefit from the resulting disarray by encouraging those customers to transfer their business to Green Worldwide.  On information and belief, each of the individual defendants conspired, participated or assisted in committing such acts.

55.     As a consequence of the aforementioned acts of common law unfair competition, IFS' relationships with its customers have been disrupted, and are threatened with further disruption if defendants' misconduct continues.

56.     As a proximate result of such acts, IFS has suffered and will continue to suffer irreparable harm to its business.  IFS' remedies at law are inadequate, and equitable relief is necessary to adequately protect it.

57.     Additionally, as a further proximate result of such acts of interference, IFS has incurred and will continue to incur general and special damages in an amount to be proven at trial.

58.     Defendants' conduct as alleged herein was egregious and carried out with willful and conscious disregard of IFS' rights and, hence, was oppressive and malicious.  As a result, IFS is entitled to recover punitive damages from defendants.

## SEVENTH CAUSE OF ACTION

### (Violation of the Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200, *et seq.*)

59.     Plaintiff repeats the allegations contained in paragraphs 1 through 58 of this Complaint by incorporation of and reference to said allegations, as if they were set forth in full herein.

60.     Defendants' acts, as set forth above, constitute unlawful, unfair or fraudulent business practices within the meaning of California Business and Professions Code § 17200 *et. seq*.

61.     IFS has been irreparably damaged by such acts of unfair competition, and will continue to suffer irreparable injury to its business.  IFS' remedies at law are inadequate, and equitable relief is

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

necessary to adequately protect its rights.

62.     IFS is, further, entitled to restitution of any and all gains, profits and advantages obtained by defendants as a result of their statutory violations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1.     For temporary, preliminary and permanent injunctive relief;

2.     For general and special damages of at least $500,000, according to proof at trial;

3.     For disgorgement or restitution of any sums defendants received as a result of their illicit conduct, including the salary and benefits paid to any defendant by IFS while they were actually working to undermine its interests;

4.     For pre- and post-judgment interest thereon;

5.     For exemplary and/or punitive damages;

6.     For attorneys' fees and costs of suit; and

7.     For such other and further relief as the court deems just and proper.

Dated: September 13, 2021                    CHAUVEL & GLATT, LLP

/s/

By: _____

Kenneth M. Weinfield
Attorneys for Plaintiff International Freight Services, Inc.

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff hereby demands a trial by jury of any issue herein triable of right by a jury.

3

4

Dated: September 13, 2021                         CHAUVEL & GLATT, LLP

5

/s/

6

By: _____

7

Kenneth M. Weinfield

Attorneys for Plaintiff International Freight Services, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES